IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CONNIE JEAN RANKIN, | : | |
| Plaintiff, | : | |
| | : | CIVIL CASE NO. |
| v. | : | 1:11-cv-03975-TWT-RGV |
| SHERATON ATLANTA HOTEL, | : | |
| Defendant. | : | |

**ORDER FOR SERVICE OF FINAL ORDER,
REPORT, AND RECOMMENDATION**

Attached is the Final Report and Recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and this Court's Local Rule 72.1. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and

any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 28th day of November, 2011.

/s/ Russell G. Vineyard
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CONNIE JEAN RANKIN, | : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL CASE NO. 1:11-cv-03975-TWT-RGV |
| SHERATON ATLANTA HOTEL, | : : : | |
| Defendant. | : : | |

**MAGISTRATE JUDGE'S FINAL ORDER,
REPORT, AND RECOMMENDATION**

Plaintiff Connie Jean Rankin ("plaintiff"), proceeding *pro se*, seeks to file a complaint alleging age and race discrimination against defendant Sheraton Atlanta Hotel ("Sheraton"), without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a). [Doc. 1]. After consideration by the Court of the affidavit of indigency, it is **ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915(a). However, the Court must also determine whether plaintiff's proposed complaint is frivolous and, if so, must dismiss it without prejudice. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 324 (1989). For the following reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED**.

A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke, 490 U.S. at 325, or "if the 'plaintiff's realistic chances of ultimate success are

slight,'" Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam)). Under 28 U.S.C. § 1915(e), the Court must dismiss the case if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Nietzke, 490 U.S. at 327; Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Unsupported conclusory factual allegations [ ] may be 'clearly baseless.'" Craven v. Florida, No. 6:08-CV-80-Orl-19GJK, 2008 WL 1994976, at *5 (M.D. Fla. May 8, 2008), adopted at *2. However, because plaintiff is proceeding *pro se*, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).[1]

---

[1] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules. Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008).

Plaintiff, using the Court's form complaint for Title VII cases,[2] alleges that she was discriminated against on the basis of her race and age when Sheraton terminated her employment at the hotel. [Doc. 1-1].[3] However, plaintiff's complaint is due to be dismissed because it is untimely on its face. A plaintiff proceeding under the ADEA and Title VII must file a civil action in the appropriate district court within 90 days of receiving a Notice of Right to Sue letter ("right-to-sue letter") from the EEOC. 42 U.S.C. § 2000e-5(f)(1); Marshal v. City Sch. Bd. of City of Selma, Ala., Civil Action No. 08-0464-KD-B, 2008 WL 5188804, at *3 (S.D. Ala. Dec. 10, 2008), adopted at *1 (dismissing plaintiff's Title VII claim filed 91 days after plaintiff acknowledged receiving his right-to-sue letter); see also Santini v. Cleveland Clinic Fla., 232 F.3d 823,

---

[2] Although plaintiff has used the Title VII form complaint, which would apply to her claim of race discrimination, see 42 U.S.C. § 2000e-2, her allegation of age discrimination is properly evaluated under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623. Claims under the ADEA and Title VII, however, are subject to the same procedural requirements and evaluated under the same analytical framework. Pennington v. City of Huntsville, 261 F.3d 1262, 1269 (11th Cir. 2001) (stating legal standards developed in Title VII and ADEA cases apply interchangeably).

[3] Specifically, plaintiff claims that she was terminated after she allegedly failed to follow standard procedures for a "secret shopper" in that she did not quote 30 minutes for food delivery, she did not try to upsell the customer, and the food was late. [Doc. 1-1 at 3-4]. Plaintiff contests the reasons cited for her termination and alleges that she "truly believe[s] [she] was terminated because of [her] race & age." [Id.]. Plaintiff has not attached the charge she filed with the Equal Employment Opportunity Commission ("EEOC"), although required by the form complaint, but she has attached the right-to-sue letter she received from the EEOC. [Id. at 6].

825 (11th Cir. 2000) (per curiam) ("Title VII and ADEA actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge."); White v. Ga. Dep't of Motor Vehicle Safety, Civil Action File No. 1:06-CV-0124-TWT, 2006 WL 1466254, at *2 (N.D. Ga. May 19, 2006), adopted at *1. "This [90 day filing] requirement applies to *pro se* [p]laintiffs." Cannady v. Automatic Data Processing, Inc., No. 1:05-cv-2855-WSD, 2006 WL 3422424, at *9 (N.D. Ga. Nov. 28, 2006). The limitations period commences upon the claimant's receipt of the right-to-sue letter. Stallworth v. Wells Fargo Armored Servs. Corp., 936 F.2d 522, 524 (11th Cir. 1991); Norris v. Fla. Dep't of Health & Rehab. Servs., 730 F.2d 682, 682 (11th Cir. 1984) (per curiam); Chapman v. Travalco, U.S.A., Inc., 973 F. Supp. 1045, 1046 (S.D. Fla. 1997).

Plaintiff filed a charge of discrimination with the EEOC, [Doc. 1-1 at 4], and the EEOC issued a right-to-sue letter dated August 19, 2011, advising plaintiff she had 90 days from receipt of the letter within which to file a lawsuit. [Id. at 6]. Plaintiff alleges that she received the right-to-sue letter on August 19, 2011. [Id. at 4, 6]. Therefore, plaintiff would have had to file her complaint in this Court by November 17, 2011, 90 days from August 19, 2011, but she did not file it until November 18, 2011.[4] See [Doc.

---

[4] Although plaintiff dated her complaint November 17, 2011, it was filed with the Clerk's office on November 18, 2011. See [Doc. 1-1 (document stamped as filed November 18, 2011)].

4

1-1]. Thus, plaintiff's complaint is barred as a matter of law because it is untimely. 42 U.S.C. § 2000e-5(f)(1); Santini, 232 F.3d at 825; Marshal, 2008 WL 5188804, at *3.

Furthermore, plaintiff has no grounds to invoke the doctrine of equitable tolling since she received the right-to-sue letter and yet failed to file her complaint within the 90 day statutory period. Santini, 232 F.3d at 825 (internal marks omitted) (quoting Ball v. Abbott Advertising, Inc., 864 F.2d 419, 421 (6th Cir. 1988) (per curiam)) ("[A]ctual notice destroys any possible basis for applying the equitable tolling doctrine."); Norris, 730 F.2d at 682. Consequently, plaintiff cannot state a viable Title VII or ADEA claim, and her complaint is due to be dismissed as frivolous. See 28 U.S.C. § 1915(e)(2)(B); Nietzke, 490 U.S. at 327; Bilal, 251 F.3d at 1349; see also Brown v. John Deere Prod., Inc., No. CV 110-107, 2010 WL 4180730, at *1-2 (S.D. Ga. Sept. 14, 2010), adopted by 2010 WL 4180721, at *2 (S.D. Ga. Oct. 20, 2010) (dismissing as frivolous plaintiff's Title VII claim where plaintiff failed to file complaint within 90 days of receiving EEOC right-to-sue letter).

Even if plaintiff's complaint were timely filed, it would still be due to be dismissed because the complaint fails to state a claim under either the ADEA or Title VII. The ADEA prohibits employers from discriminating against employees who are at least 40 years old on the basis of age. 29 U.S.C. §§ 623(a)(1), 631(a). Title VII prohibits an employer from "discriminat[ing] against any individual with respect to

[her terms and conditions] of employment, because of such individual's race. . . ." 42 U.S.C. § 2000e-2(a)(1). Although "'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973),'" Liburd v. Bronx Lebanon Hosp. Ctr., No. 07 Civ. 11316(HB), 2008 WL 3861352, at *4 (S.D.N.Y. Aug. 19, 2008) (alteration in original) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002)), "a complaint that 'provides no . . . detail manifesting any form of [age discrimination or] racial animus, discriminatory words, prior incidents or other indications that [the plaintiff's protected class] played a role in [the employer's] decision to dismiss [her]' is insufficient to satisfy the minimum pleading standards of Rule 8(a)(2)," id. at *5 (all but last alteration in original) (citation omitted) (quoting Perry v. Sony Music, 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006)).

Plaintiff "does not allege any facts indicating that unlawful [age or] race discrimination was the reason for her termination," or assert any other facts "tending to show that [age discrimination] or racial animus motivated her termination." Enadeghe v. Ryla Teleservices, Inc., Civil Action File No. 1:08-CV-3551-TWT, 2010 WL 481210, at *7 (N.D. Ga. Feb. 3, 2010), adopted at *1. Rather, plaintiff simply disputes the contention that she was terminated based on her alleged failure to conform with required procedures when she was evaluated by a secret shopper, and conclusively

6

asserts that she must have been terminated on the basis of her age and race. See [Doc. 1-1 at 3-4]. Even though plaintiff may "truly believe" she was terminated because of her age and race, she has failed to plead any facts to state a plausible claim that she was discriminated against on the basis of her age or race.[5] See Givens v. Eddie Deen & Co. Catering, Civil Action No. 3:10-CV-1164-L, 2011 WL 624071, at *1 (N.D Tex. Feb. 18, 2011) (emphasis omitted) ("A simple statement that Plaintiff believes he was fired because he is African-American is insufficient to plead a claim of race discrimination under Rule 8 of the Federal Rules of Civil Procedure. Plaintiff must set forth specific allegations that would demonstrate that he was treated differently because of his race, that is, he must set forth sufficient allegations that race was the reason he was terminated."); Washington v. Sprint Food Stores, Inc., Civil Action No. 1:10-CV-823-TWT-ECS, 2010 WL 5463137, at *2 (N.D. Ga. Dec. 2, 2010), adopted by 2010 WL 5463133, at *1 (N.D. Ga. Dec. 29, 2010) (dismissing complaint for failure to state a claim under Title VII where plaintiff alleged only that she was a black female who was fired after she refused to conduct a cash back transaction for a white customer); see also Long v. Merial Ltd., No. 3:11-CV-001 (CDL), 2011 WL 2531052, at

---

[5] Plaintiff does not identify her race or allege any facts to support a claim of race discrimination. With regard to her age discrimination claim, plaintiff alleges only that she "had been with the company for 42 years" and she knows of three others "with 30 years" who were terminated, and "one for the same reason [she] was terminated for." [Doc. 1-1 at 4]. However, these allegations are insufficient to state a plausible claim of age discrimination.

*3 (M.D. Ga. June 23, 2011) (dismissing complaint for failure to state a claim of age discrimination under the ADEA because plaintiff did not allege that a similarly situated individual outside her protected age class was treated more favorably); Enadeghe, 2010 WL 481210, at *6 (dismissing complaint for failure to state a claim of age discrimination under the ADEA because plaintiff did not "allege that a substantially younger person was selected for the position, that she was qualified to do the job for which she was rejected or any other facts tending to indicate that her termination was because of her age"). Therefore, plaintiff's complaint is also due to be dismissed because it fails to state a plausible claim of age or race discrimination.

For the foregoing reasons, plaintiff's request to proceed *in forma pauperis*, [Doc. 1], is **GRANTED**, but it is **RECOMMENDED** that plaintiff's complaint, [Doc. 1-1], be **DISMISSED**.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED AND RECOMMENDED**, this 28th day of November, 2011.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE